UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DEMARCUS DEANTWON TAYLOR #2024050096/57962 | CIVIL ACTION NO. 24-cv-362 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| STATE OF LOUISIANA ET AL | MAGISTRATE JUDGE HORNSBY |

# REPORT AND RECOMMENDATION

## Introduction

Demarcus Deantwon Taylor ("Plaintiff"), who is self-represented, filed this civil rights action based on allegations of false arrest and defamation. He clarified in response to a court order that the only defendants were (former) Sheriff Steve Prator and Deputy Theressa Ruffin. Doc. 14. The court dismissed all claims against Sheriff Prator for lack of any allegations of personal involvement. Docs. 21 & 25. Before the court is Deputy Ruffin's Motion for Summary Judgment (Doc. 32) that challenges the claims against her on the merits, raises qualified immunity, and argues that the claims are untimely. For the reasons that follow, it is recommended that the motion be granted based on the merits attack.

## Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(a). A fact is "material" if it might affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986). A dispute

is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Anderson, supra; Hamilton v. Segue Software Inc., 232 F.3d 473, 477 (5th Cir. 2000).

**Relevant Facts**

The facts relevant to summary judgment can be taken from certain uncontested allegations in Plaintiff's complaint, as amended, and the declaration of Deputy Ruffin that was made pursuant to 28 U.S.C. § 1746. The relevant events began on August 22, 2020 when a Shreveport police officer encountered Plaintiff illegally parked in a handicap parking spot. The officer arrested Plaintiff for possession of a firearm by a convicted felon and possession of Schedule II CDS. Plaintiff was booked into the Caddo Correctional Center ("CCC") on August 23, 2020 at 7:30 p.m.

Deputy Ruffin testifies that she was then employed by the Caddo Parish Sheriff in the booking department at CCC. As part of Plaintiff's booking process, another deputy ran Plaintiff's name to check for any open warrants. The search revealed an active arrest warrant for Demarcus Deantwon Taylor dated July 14, 2020, issued by Judge Jeanette Garrett, a Caddo Parish district judge, for charges of possession with intent to distribute Schedule I and Schedule II CDS. Pursuant to policy, those two charges were added to the charges on which Plaintiff was originally arrested, and he was also "arrested" on paper on the two warrant charges. The sheriff's office arrest report for the warrant charges was prepared by another deputy.

Deputy Ruffin testifies that her only involvement with Plaintiff occurred when she updated his charges in the computer per the sheriff's office arrest report. At that time, she

confirmed that there was an open arrest warrant in the system. She had no actual contact with Plaintiff or any other involvement in his criminal prosecution.

Plaintiff quickly bonded out of CCC on all pending charges on August 25, 2020. Plaintiff alleges that he learned while out on bond that the arrest warrant should have been for a Demarcus *Dewayne* Taylor. He asserts that he contacted CCC to inform them of this mis-identity, but they did nothing.

Plaintiff's criminal case proceeded, and defense counsel eventually filed a motion to quash the warrant charges based on mistaken identity. Court minutes show that at a later appearance in April 2024 the district attorney entered a dismissal of the warrant charges of possession with intent to distribute Schedule I and Schedule II. Plaintiff states that he entered a guilty plea on the charge of felon in possession of a firearm and was sentenced to ten years at hard labor. The drug possession charge stemming from the same arrest was dismissed.

**False Arrest**

Plaintiff alleged that he was falsely arrested based on mistaken identity. He asserted his claims in a complaint form made for asserting claims under 42 U.S.C. § 1983. "In order to prevail in a § 1983 claim for false arrest, a plaintiff must show that he was arrested without probable cause in violation of the Fourth Amendment." Parm v. Shumate, 513 F.3d 135, 142 (5th Cir. 2007). Plaintiff must also show that Deputy Ruffin was personally involved in his arrest. Roberts v. City of Shreveport, 397 F.3d 287, 291-92 (5th Cir. 2005) ("As a prerequisite [for a § 1983 claim], a plaintiff 'must identify defendants who were

either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged.' ").

It is not contested that there was a valid arrest warrant issued by the local state court for a Demarcus Taylor. Plaintiff originally alleged that the warrant was for Demarcus Dewayne Taylor but that he is Demarcus Deantwon Taylor. But after Deputy Ruffin filed her motion for summary judgment with evidence showing that the warrant was entered in the system under the name Demarcus Deantwon Taylor, Plaintiff filed a reply (Doc. 34) and said that, after reading over Deputy Ruffin's documents, he saw that a warrant did issue for him. Plaintiff went on to speculate that a search warrant concerning Demarcus Dewayne Taylor had somehow mistakenly resulted in the warrant issuing for Demarcus Deantwon Taylor. Plaintiff then wrote:

> I was told it's the booking officer faught (sic) but reading your response, you was only doing your job, my name was mixed up in something I had no knowledge of, so it has to be the judge faught (sic) for signing a warrant to search a house and the name wasn't correct;
>
> I apologize for anything I've caused you, but was only doing what I needed to do to get the justice I deserve for receiving someone else's charges, no one else is responsible but the agent who was doing the investigation on that house on Oakdale … cause my name shouldn't have never been mentioned.

It appears now uncontested that Plaintiff was originally taken into custody by Shreveport police for being a felon in possession of a firearm and possession of drugs. Charges were then added by the sheriff's office based on a warrant issued in Plaintiff's name, whether correctly or by mistake. Deputy Ruffin played only a ministerial role in the events by entering information into the computer system based on a facially valid warrant. There is

no indication that Plaintiff objected to Ruffin or anyone else at the time of booking that the arrest warrant was based on some kind of mistake.

There is no factual or legal basis for a Fourth Amendment false arrest claim against Deputy Ruffin. "The Constitution does not guarantee that only the guilty will be arrested." Baker v. McCollan, 99 S.Ct. 2689, 2695 (1979). And "[t]he Fourth Amendment is not violated by an arrest based on probable cause, even if the wrong person is arrested, if the arresting officer had a reasonable, good faith belief that he was arresting the correct person." Blackwell v. Barton, 34 F.3d 298, 303 (5th Cir. 1994).

Deputy Ruffin played only a minor administrative role in Plaintiff's arrest on the warrant charges. Even if she could be considered personally involved in the arrest, there is no basis for finding a constitutional violation. The plaintiff in Baker was stopped for a traffic violation and taken into custody, over his protest of mistaken identification, when a warrant check revealed that he was wanted. It was eventually determined that the plaintiff's brother had obtained a duplicate of his driver's license with the brother's picture on it and then was involved in criminal proceedings while falsely representing himself as the plaintiff. It was determined after a few days that the plaintiff was not the guilty party. The Supreme Court held that the plaintiff had no claim under the Fourth Amendment for his three-day stay in jail because the arrest was made pursuant to a facially valid warrant and the detention was of short duration.

By contrast, Plaintiff was taken into custody by an officer from another agency based on gun and drug charges. The arrest warrant charges were added based on a warrant that was issued in Plaintiff's name. The record indicates that the arrest warrant was for

precisely Plaintiff's name, not another name as he originally suspected and alleged. Even so, Plaintiff did not spend one additional minute in jail based on the arrest warrant charges. He was arrested on firearm and drug charges that resulted in his incarceration, and he would not have spent any less time in custody if the warrant charges had never been made. These facts do not provide any basis on which a reasonable jury could return a verdict finding that Deputy Ruffin committed a Fourth Amendment violation. Summary judgment should be granted dismissing all such claims against her.

**Defamation**

Plaintiff's filings include references to a claim for defamation of character. His complaint relies solely upon 42 U.S.C. § 1983, which provides a claim only when federal statutory or constitutional rights have been violated. Harm to reputation alone is insufficient to establish Section 1983 liability because a damaged reputation alone does not implicate any liberty or property rights protected by the Due Process Clause. Paul v. Davis, 96 S.Ct. 1155 (1976); Geter v. Fortenberry, 849 F.2d 1550, 1556 (5th Cir. 1988). While a state may protect against injury to reputation by virtue of its tort law, ordinary claims of libel, slander, or defamation are not cognizable under Section 1983. Longoria v. Remedies, 2024 WL 5278882 (W.D. La. 2024). Plaintiff's allegations regarding defamation of his character do not amount to a Section 1983 claim. Summary judgment should be granted dismissing all such claims against Deputy Ruffin.

Accordingly,

It is recommended that Deputy Ruffin's Motion for Summary Judgment (Doc. 32) be granted and that all claims against Deputy Theressa Ruffin be dismissed with prejudice.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of April, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge